## STEVENS v. JIM WELLS COUNTY.

### No. 8497.

Court of Civil Appeals of Texas. San Antonio.
Nov. 26, 1930.

Tarlton & Lowe, of Corpus Christi, and M. E. Jenkins, of Alice, for appellant.

L. Broeter and C. C. Forry, both of Alice, for appellee.

COBBS, J.

Appellant sued appellee for damages done to his crop of cotton and corn during the year 1928, by cattle, on account of the construction of a public road by appellee 20 feet into the cultivated fields of appellant. It was alleged that appellee tore down and destroyed the fence of appellant extending along the eastern boundary of his land and left it down without erecting another fence in place of the one destroyed; and that this allowed large herds of cattle and horses to range in and upon the fields of appellant, totally destroying his crops, and damaging him in the sum of $8,585. Appellant further alleged that thereafter, on February 11, 1929, he duly and properly presented his claim for damages to the commissioners' court of Jim Wells county, and it was refused and rejected by said court.

Appellee answered the petition herein by special exception and general denial.

All exceptions were overruled, and the case proceeded to trial with a jury. It was tried upon special issues submitted by the court. The first special issue was:

"Did the agents, servants or employees of the defendant, Jim Wells County, wilfully tear, break, cut or destroy the fence on the east side of plaintiff's farm before erecting a new fence twenty feet from the center of the proposed new road? Answer 'yes' or 'no.'" It was answered "No."

There were a number of other special issues presented, but because of this negative answer they were not answered. The jury were told that, if they answered the first question in the negative, they need not answer the other issues.

The jury returned a verdict in favor of appellee, based upon the first issue. Appellant has filed a number of assignments and propositions based thereupon. The first assignments question the action of the court in permitting appellee to attempt to impeach plaintiff's witnesses upon irrelevant and immaterial matters.

Narcisa Perez was placed on the witness stand, and objection was made to her testifying because "the same has no bearing on the case," etc., as qualified by the judge on the bill of exception.

Bill of exception No. 2 was in regard to the testimony of the same witness, and it was qualified by the judge in a similar manner.

Bill of exception numbered 3 was approved and qualified by the judge as follows:

"This woman, Narcisa Perez, had been subpoenaed by the plaintiff but no return had ever been made thereon. She was placed on the witness stand by the defendant in its direct testimony, but upon objection being made by the plaintiff, the jury was withdrawn and the matter gone into during the absence of the jury, and upon hearing the same, the court sustained the plaintiff's objection. Later on during the trial, the witness was again put on the stand by the defendant in an effort to impeach the testimony of the plaintiff T. M. Stevens and his brother Ed Stevens. Whether she was served or not by process I consider immaterial; she was there and testified.

"The only objection made to the testimony was as to one of the questions being leading.

"There was no motion made by counsel to strike the testimony from the record. Plaintiff excepts to the above and foregoing qualification of this bill of exception."

Bills of exception Nos. 4 and 5 are practically to the same effect.

Each of the bills of exception relied upon by appellant as a basis for his propositions have been qualified by the trial judge in such

a manner as to show that the objections to the evidence as presented in these bills were not made. The statements made by the trial judge in connection with each bill indicate that the court changed and corrected same to such an extent as to substantially affect a rewriting of each bill and they should be considered as the court's bills. Each bill recites that a motion was made to strike said evidence from the record, and, just as readily, the trial court recites in his qualification thereto that there was no such motion made.

The objections made indicate they are too general to warrant consideration by the court under the well-settled rules of procedure and indicate they were not in fact approved by the court as presented.

■ Appellant's bills of exception from 1 to 5, inclusive, do not definitely apprise the court that any objection was made to the evidence at the time, or the nature of the evidence, so that it can be determined that the action of the court was prejudicial, harmful, or injurious to his rights, and for that reason they are each insufficient to show any harmful error committed by the court. This defect is apparent in each of the several bills, covered by the propositions named, and they are severally overruled.

■ The side-bar remarks of counsel, not objected to in open court at the time, nor any instruction requested of the court admonishing the jury not to consider the same, may be passed as waived and without merit. The proposition in regard thereto is overruled.

■ This suit is based upon a tort or negligent act of appellee, such as for which no recovery can be had against a county.

The suit is not to recover any specific property, or for the taking of the fence, but for the negligent act of appellee in opening the fence which permitted cattle to enter and destroy crops.

This suit was filed December 12, 1928. Plaintiff's original petition set up a claim for damages to his crops in the sum of $8,585, caused by the removal of a fence and hedge barrier, and thereby allowing cattle to drift in and range upon plaintiff's fields and eat, trample, and destroy his crops.

On June 19, 1929, the plaintiff filed his first amended original petition herein, setting up substantially the same claim for damages and asking for judgment for the same amount as claimed in his original petition. Said amended petition further set forth that he had presented his claim to the commissioners' court of Jim Wells county, February 11, 1929, and that said court on said date had rejected his claim.

Article 1573, Revised Statutes, provides: "No county shall be sued unless the claim upon which said suit is founded shall have first been presented to the commissioners court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

■ As will be seen, it is a prerequisite to a suit against a county that the claim shall have been first presented to the county and refused. In this case the record shows the claim was not presented until after suit had been filed. This record fails to show that any error has been committed that calls for a reversal, and the judgment is accordingly affirmed.