FARMERS STATE BANK OF NEW BOSTON V. BOWIE COUNTY ET AL.

No. 6680. Decided July 15, 1936.
(95 S. W., 2d Series, 1304.)

O. B. *Pirkey*, of New Boston, for appellant.

Salary or fees of tax assessor are fixed by law and not such claim as the commissioners court has discretion to audit, and allow or disallow, but on refusal of the commissioners court to allow the sum fixed by law or any order, allowing a sum other than the salary fixed by law is void, as beyond the commissioners power, and party entitled thereto may bring a direct suit for his fees. Dimmitt County v. Cavendar, 65 S. W., 881; Steusoff v. Liberty County, 34 S. W. (2d) 643; Cameron County v. Fox (Com. App.), 2 S. W. (2d) 433.

*King, Mahaffey, Wheeler & Bryson,* of Texarkana, for appellees.

The commissioners court of Bowie County had original jurisdiction of plaintiff's claim and its judgment in rejecting same was final and binding on both parties, unless properly appealed from, and as no appeal was taken, the district court had no jurisdiction of the claim which became res adjudicata by the action of the commissioners court in refusing to pay same. Jeff Davis County v. Davis, 192 S. W. 291; Underwood Typewriter Co. v. Nacogdoches County, 37 S. W. (2d) 278; Ashburn Bros. v. Edwards County (Com. App.), 58 S. W. (2d) 71.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Farmers State Bank filed original suit in the District Court of Bowie County to recover from the county and the commissioners court, jointly and severally, the principal sum

of $450.00 with legal interest, as holder of claims assigned to the bank by S. D. Barkman, deputy of M. N. Berry, the tax assessor, earned by Barkman as compensation for services rendered the assessor as such.

It was alleged in the petition that the commissioners court did not make advances to the assessor for payment of deputies appointed and required by him, during the year 1930, but permitted the assessor to give his deputies due bills evidencing the amount of indebtedness due them for services, which might then be discounted by a bank; the commissioners court recognized such discounted due bills and customarily paid the bank when money derived from taxes became available for the purpose and charged the same against the fee or salary account of the assessor for the particular year. The assessor executed a general order in favor of the bank authorizing and directing the county and commissioners court to pay the amount of such due bills direct to the bank as holder of them and the indebtedness stated.

The bank presented the due bills and assessor's order to the commissioners court for allowance and payment, but payment was denied.

When presented to the commissioners court and payment refused, final annual settlement with the assessor for the year 1930 had not been made and there was then in the county treasury more than the sum of $450.00 for salary and fees earned and due to be paid to said Berry as tax assessor during the year 1930.

The defendants named filed a verified plea to the original jurisdiction of the district court on the theory the order of the commissioners court, not having been directly appealed from was a final judgment and res adjudicata of the issues made by the plaintiff.

The District Court sustained defendants' plea to the jurisdiction as well as their plea of res adjudicata in bar of the suit and rendered judgment dismissing the case from the docket, costs taxed against the plaintiff bank.

Pending an appeal, the Honorable Court of Civil Appeals for the Sixth Supreme Judicial District have certified the following questions:

"Question 1: Answer whether or not in the circumstances the court erred in sustaining the plea to the jurisdiction of the District Court to entertain and determine the original suit brought and filed therein by the plaintiff upon the alleged claim against Bowie County, Texas.

"Question 2. Answer whether or not the court in the circumstances erred in sustaining the defendant's plea of res adjudicata in bar of the original suit brought and filed in the District Court by the plaintiff upon the alleged claim against Bowie County, Texas.

"Question 3. Answer whether or not after the alleged claim against Bowie County had been presented to, finally acted upon and payment refused by the County Commissioners Court by order of record the power is given under the laws of the State to the District Court to entertain and make adjudication in the original suit timely instituted by the bank.

"Is the bank given under the laws of the State the right and remedy, in the circumstances, of appellate review in the District Court either through the particular mode of appeal or certiorari, with trial de novo, and is such remedy the exclusive remedy?

"In this connection it is stated that the legislature has transferred the jurisdiction of the County Court of Bowie County to the District Court, and that is the reason why the present suit is in the District Court."

### OPINION.

Commissioners courts have constitutional jurisdiction over all county business as is conferred by other provisions thereof, or by legislative enactment thereunder. Const., Art. 5, Sec. 18. District courts have appellate jurisdiction and general supervisory control over commissioners courts with such exceptions and under such regulations as may be prescribed by law. Id., Art. 5, Sec. 8.

Commissioners courts audit and settle all accounts against the county and direct their payment. Art. 2351, Sec. 10.

■ Article 1573 of our Revised Statutes provides that no county shall be sued unless the claim upon which such suit is founded shall have been first presented to the commissioners court for allowance and such court shall have neglected or refused to audit and allow the same, or any part thereof. The language of said article indicates that the rejection by the commissioners court of a claim against the county, or the failure of such court to act on the same, is merely a condition precedent to the filing of a suit to recover thereon. 11 Tex. Jur., p. 683 to p. 690; Stevens v. Jim Wells County (Texas Civ. App.), 32 S. W. (2d) 889, 890, par. 4; Norwood v. Gonzales County, 79 Texas, 218, 223, 14 S. W., 1057; Hill County v. Hamilton (Texas Civ. App.),

273 S. W., 292, 293, pars. 1 and 3; Williams v. Bowie County, 58 Texas Civ. App., 116, 123 S. W., 199; Anderson v. Ashe, 99 Texas, 447, 452, 90 S. W., 872; Shelby County v. Caldwell (Texas Civ. App.), 48 S. W. (2d) 761, 763, par. 7.

■ The Legislature was authorized, by the terms of the constitutional provision conferring appellate jurisdiction and control upon the district court, to except any particular proceeding therefrom. Appellant was authorized to, after rejection of its claim by the commissioners court, sue to establish same in a court of competent jurisdiction. Coryell County v. Fegette, 68 S. W. (2d) 1066; Oden v. Barbee, 103 Texas, 449, 129 S. W., 602; Greer v. Hunt County (Comm. App.), 249 S. W., 831.

■ Where the commissioners court rejects a claim presented to it, the claim does not become res adjudicata, neither does it become an adjudicated claim, the holder being at liberty to file suit in a court having jurisdiction thereof. There is no procedure of law authorizing an appeal from the commissioners court to the district court. Voss v. Harris County, 33 Texas Civ. App., 249, 76 S. W., 600, 601; Angelina County v. Bond (Texas Civ. App.), 16 S. W. (2d) 338; Jones County v. Moore (Texas Civ. App.), 4 S. W. (2d) 289; Palo Pinto County v. Gaines (Texas Civ. App.), 168 S. W., 391; Holt v. Rockwall County, 27 Texas Civ. App., 365, 65 S. W., 389; Hill County v. Hamilton (Texas Civ. App.), 273 S. W., 292; Anderson v. Ashe, 99 Texas, 447, 90 S. W., 872; Williams v. Bowie County, 58 Texas Civ. App., 116, 123 S. W., 199; Shelby County v. Caldwell (Texas. Civ. App.), 48 S. W. (2d) 761; Gaines County v. Hill (Texas Civ. App.), 25 S. W. (2d) 197.

We answer "Yes" to Questions 1 and 2 and to the first paragraph of Question 3, in view of which the second paragraph of Question 3 becomes abstract and unnecessary to answer.

Opinion adopted by the Supreme Court July 15, 1936.