## REYNOLDS et al. v. GASTON.
### No. 12657.

Court of Civil Appeals of Texas. Dallas.
Oct. 29, 1938.

Rehearing Denied Nov. 26, 1938.

F. D. Wright, of Cisco, and Thompson, Knight, Baker, Harris & Wright, of Dallas, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, and Fagan Dickson, of San Antonio, for appellee.

YOUNG, Justice.

Appellee, as plaintiff below, brought a joint suit in a District Court of Dallas County against Reynolds Manufacturing Company, a corporation, with principal office and place of business in Dallas County, Texas, and J. H. Reynolds individually, who was a resident of Eastland County. The action was for accrued royalty payments alleged to be due, and arising out of an original and supplemental contract, whereby defendant corporation was manufacturing and selling self-cooling seat cushions under a patent owned by plaintiff. J. H. Reynolds, defendant, filed a plea of privilege to be sued in the county of his residence, which was controverted, heard and overruled. This appeal was thereafter perfected to such ruling of the trial court, appellant complaining of the judgment adverse to his venue plea.

The initial contract to manufacture and sell the device was made by plaintiff with one C. H. Gray in November 1933, thereafter assigned to the Self-Cooling Seat Corporation, of which defendant Reynolds was president and principal stockholder. This contract was supplemented and modi-

fied prior to September 1, 1934, but on said last date was further changed as to amount of royalty payments on each cushion made and sold. A consideration for changes in the existing contract, reducing the royalty payments to $200 per month for a determinate period, was the written personal guarantee of said J. H. Reynolds. The first corporation was later dissolved, its assets taken over, and liabilities assumed by J. H. Reynolds, who operated the affairs of the concern as an individual for several months. The Reynolds Manufacturing Company was then organized as a corporation, succeeding to the assets of the original Self-Cooling Seat Corporation; plaintiff being notified by the Reynolds Manufacturing Corporation in October 1935 that it was necessary for all license contracts to be assigned to said defendant company, and plaintiff was requested to consent thereto, which he did. On July 6, 1936, under a further supplemental agreement between plaintiff and defendant corporation, all previous contracts were modified for one year with reference to a $100 per month reduction in advance royalties. J. H. Reynolds was also president and owner of the great majority of stock in the Reynolds Manufacturing Company, the resident defendant.

In detailed pleading, embracing the above facts, with many other material allegations, plaintiff alleged that both defendants became liable and bound to pay plaintiff advance royalties of $200 per month from July to September 1937, and $1,200 for the period of July 1, 1936 to June 30, 1937. Plaintiff, in the facts of his controverting affidavit, bases venue in Dallas County as to the non-resident defendant, J. H. Reynolds, on subds. 4, 23 and 29a of Art. 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 23, 29a.

 Under the pleadings of plaintiff, which we do not consider it necessary to detail more fully, a case is alleged squarely within the purview of subd. 4 of the statute, as construed in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. A joint cause of action is here shown between the two defendants; or a cause of action against the resident defendant so intimately connected with the one against the non-resident defendant (appellant here) that the two may be joined under the rule intended to avoid a multiplicity of suits. Sufficient prima facie proof as to liability of the resident defendant (Reynolds Manufacturing Company) was made in the findings of fact and judgment appealed from to justify the court's action as to the local defendant; in which event, no affirmative proof relative to the non-resident defendant is required. Subdivision 4 of the venue statute being applicable, the trial court was clearly correct in overruling the plea of appellant Reynolds. Consequently, a discussion of the issues raised by plaintiff in his controverting affidavit, involving subds. 23 and 29a, is deemed unnecessary.

The points are made by appellant, in his first assignment of error, that: (1) Plaintiff's cause of action against J. H. Reynolds, as alleged and proven (if anything) is for fraud and deceit and not on a guaranty; and (2) he urges, under his second assignment, that no liability is shown in the contracts against either defendant, the suit against the company being only for infringement of patent rights, not plead. The matters just referred to cannot be considered in this proceeding as they relate to the merits of the entire controversy. "The issue raised by the plea of privilege and the controverting affidavit is venue, not liability". Stockyards Nat. Bank v. Maples, supra, 95 S.W.2d 1304. The action of the trial court in overruling the plea of privilege of appellant J. H. Reynolds is accordingly affirmed.

Affirmed.