TRAVIS COUNTY, Texas, Appellant,

v.

PELZEL & ASSOCIATES, INC., Appellee.

No. 03–99–00862–CV.

Court of Appeals of Texas, Austin.

Oct. 19, 2000.

Rehearing Overruled Nov. 30, 2000.

Toya Cirica Cook Haley, Asst. County Atty., Austin, for appellant.

Kendall D. Hamilton, Law Office of Kendall D. Hamilton, Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and PATTERSON.

BEA ANN SMITH, Justice.

Appellant Travis County contracted with appellee Pelzel & Associates, Inc. (Pelzel) to construct the Precinct One Office Building. Travis County refused to tender full payment complaining that the completion was twenty-one days overdue. Pelzel sued Travis County for payment due under the

contract, interest, and damages. After a hearing to determine whether Travis County was entitled to sovereign immunity, the judge denied the county's plea to the jurisdiction. We will affirm the trial court's ruling, holding first, that Travis County waived its immunity by its conduct, and second that independent of the county's conduct, Pelzel's compliance with section 89.004 conferred the right to bring this suit. *See* Tex.Loc.Gov't Code Ann. § 89.004 (West Supp.2000).[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 1994, Travis County entered into a contract with Pelzel for construction of the Precinct One Office Building. Pelzel substantially completed the building on December 29, 1994. Travis County accepted the building and has occupied the property since that date. The county tendered payment of $414,164.80 minus $5,500 in alleged liquidated damages on grounds that Pelzel did not timely complete the building. According to the liquidated damages clause in the contract, the county was entitled to retain $250 for each calendar day that Pelzel failed to substantially complete the building beyond the date set for completion and acceptance. The substantial completion date was originally set for October 21, but the parties agreed to extend the deadline because of delays resulting from labor shortages in the Austin and San Antonio areas. The parties now dispute the extended deadline for substantial completion. A construction change directive signed by the county's representative and the architect, but not by Pelzel, established the substantial completion date as December 8, 1994. Pelzel, however, said it never agreed to or acknowledged this directive.

Pelzel submitted a claim to the Travis County Commissioners Court on March 7, 1995, seeking payment due under the contract, plus interest and $130,508.56 in hindrance and delay damages. When the county refused to pay the claim, Pelzel filed this suit on October 3, 1995. Travis County filed a plea to the jurisdiction asserting sovereign immunity. The district court denied that plea, and Travis County brings an interlocutory appeal from that ruling. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(8) (West Supp.2000).

## DISCUSSION

Travis County asserts that the district court erred in denying its plea to the jurisdiction. A county is a governmental unit protected by the doctrine of sovereign immunity. Tex.Civ.Prac. & Rem. Code Ann. § 101.001(3)(B) (West Supp. 2000); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996). Sovereign immunity includes two principles that protect the State and other governmental entities from being sued for damages: immunity from liability and immunity from suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from liability, which protects the State from judgment, does not affect a court's jurisdiction to hear a case. *Davis v. City of San Antonio*, 752 S.W.2d 518, 520 (Tex.1988). However, immunity from suit deprives a court of subject matter jurisdiction and is properly asserted by a plea to the jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). Pelzel argues that Travis County waived its immunity from suit by accepting the benefits of full performance, and alternatively, that section 89.004 of the Texas Local Government Code authorizes suit when a claim is presented to and rejected by the commissioners court. *See* Tex.Loc.

---

1. When suit was brought, the presentment statute was found at section 81.041, which has since been renumbered as 89.004. *See* Tex.Loc.Gov't Code Ann. § 81.041 (West 1999) (renumbered by Act of April 23, 1999, 76th Leg., R.S., ch. 62, art. 13, § 13.03(b),

1999 Tex.Gen.Laws 127, 340 and codified at Tex.Loc.Gov't Code Ann. § 89.004 (West Supp.2000)). For ease of discussion, we will refer to this section as either 89.004 or "the presentment statute," as it is commonly called, unless otherwise appropriate.

Gov't Code Ann. § 89.004. The trial court did not specify on which ground it found jurisdiction; therefore, we may affirm the order if either ground is legally proper. *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 642–43 (Tex.1996).

■ Because the determination of subject matter jurisdiction is a question of law, we review the trial court's decision under a *de novo* standard of review. *See Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.—Austin 2000, no pet.). We do not look at the merits of the case to determine the district court's jurisdiction. *See id.* Rather, we accept as true the factual allegations made by the plaintiff, unless the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction. *See id.* Travis County does not assert that any of Pelzel's claims are fraudulent.

■ A plea to the jurisdiction contests the district court's authority to determine the subject matter of the cause of action. *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254 (Tex.App.—San Antonio 1999, pet. denied). The plaintiff bears the burden of alleging facts affirmatively showing that the district court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Unless the face of the petition affirmatively demonstrates a lack of jurisdiction, the district court must liberally construe the allegations in favor of jurisdiction. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989).

## I. Waiver by Conduct

To determine whether Travis County waived immunity by its conduct, we first address the effect of *Federal Sign* on immunity from suit when a state entity contracts with a private citizen. *See Federal Sign*, 951 S.W.2d at 403. In *Federal Sign*, Texas Southern University (TSU) signed a contract with Federal Sign to build basketball scoreboards. Following TSU's in-

structions, Federal Sign began building the scoreboards. However, before delivery TSU informed Federal Sign that it would seek a new source for its scoreboards. Federal Sign sued TSU for breach of contract. TSU filed a plea to the jurisdiction asserting that sovereign immunity barred Federal Sign's claims. Federal Sign countered that TSU waived its immunity when it entered a contract with a private citizen. In considering this narrow issue, the supreme court held: "The act of contracting does not waive the State's *immunity from suit.*" *Id.* at 408. The court, however, limited its holding to the facts of that case, explaining: "There may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts." *Id.* at 408 n. 1.

Although the supreme court left unresolved what conduct beyond mere execution of a contract may constitute waiver, this Court has identified certain circumstances where the governmental entity's conduct has waived its immunity. *See Texas Natural Resource Conservation Comm'n v. IT–Davy*, 998 S.W.2d 898, 902 (Tex.App.—Austin 1999, pet. filed); *Aer-Aerotron, Inc. v. Texas Dep't of Transp.*, 997 S.W.2d 687, 691–92 (Tex.App.—Austin 1999, pet. granted); *Little–Tex Insulation Co., Inc. v. General Servs. Comm'n*, 997 S.W.2d 358, 364–65 (Tex.App.—Austin 1999, pet. granted). In *IT–Davy*, the Texas Natural Resource Conservation Commission expressly requested additional work after IT–Davy had fully performed the contract. *IT–Davy*, 998 S.W.2d at 902. The Commission accepted this work but failed to pay for these services. We held that by this conduct, the Commission waived its immunity. *Id.* In *Aer–Aerotron*, the Department of Transportation had approved sample radios, modified the contract to ask for additional radios, extended the term of the contract, accepted technical services, and twice acknowledged its contractual obligation and promised to pay, but ultimately refused to pay. *Aer–*

*Aerotron,* 997 S.W.2d at 691–92. We held that the Department waived its immunity by this conduct. *Id.* In *Little–Tex,* by accepting the benefits of the contractor's performance under the contract while refusing to pay, the State waived immunity from suit. *Little–Tex,* 997 S.W.2d at 364–65.

Travis County argues that Pelzel's pleadings failed to allege "outrageous" conduct that would give rise to waiver under these cases. We disagree. Pelzel's allegations of Travis County's acceptance, continuous use, possession, and refusal to pay are sufficient to bring this dispute within the holdings of *IT–Davy, Little–Tex,* and *Aer–Aerotron.* "[R]eceipt and acceptance by the State of a benefit from a contracting party is wholly inconsistent with the State's using its immunity from suit to shield itself from a legal obligation to pay for the value of the benefit." *Little–Tex,* 997 S.W.2d at 364. Allegations that the contractor fully performed and the county accepted the benefits of that performance without full payment are sufficient to defeat a plea to the jurisdiction based on sovereign immunity.

Travis County next contends that *Tsumi, Inc. v. Texas Parks & Wildlife Department,* 23 S.W.3d 58 (Tex.App.—Austin 2000, pet. filed), requires Pelzel to plead timeliness under the contract. Although the pleadings are brief, the alleged facts provide enough detail to distinguish this case from *Tsumi.* Timeliness was not the issue before this Court in *Tsumi.* In that case, the parties agreed that a four-year oral contract had been fully performed and paid. The plaintiff, Tsumi, contended that it subsequently entered into another oral contract with defendant. However, Tsumi failed to plead facts establishing a time period for the alleged oral contract, forcing this Court to look to the conduct of the parties. This Court found the petition "entirely silent" as to the terms of the contract and any conduct by the parties giving rise to a contract. *Id.* at 64. Further, the pleadings lacked allegations that goods and services were delivered and accepted and that the defendant refused to pay as agreed. Here, no one disputes the existence of the contract, acceptance of benefits by the county, or the county's refusal to pay a portion of the contract price.

Pelzel's pleadings allege conduct sufficient to meet the circumstances held to constitute a waiver of immunity under *IT–Davy, Little–Tex,* and *Aer–Aerotron.* Therefore, we overrule Travis County's point of error that it did not waive immunity by its conduct. Although this ground is sufficient for us to affirm the denial of the plea to the jurisdiction, because this Court's decisions considering waiver by conduct are pending review in the supreme court,[2] in the interest of judicial economy we will consider the other basis for jurisdiction urged to the trial court.

## II. Jurisdiction Conferred by the Presentment Statute

Alternatively, Pelzel asserts it has a right to bring this suit because it first presented its claim to the commissioners court, which refused to pay the claim. The presentment statute reads, "A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." Tex.Loc.Gov't Code Ann. § 89.004(a). Travis County disputes that compliance with this statute confers a right to sue the county. Instead, it characterizes presentment as a condition precedent to bringing suit when there is another basis for jurisdiction to sue a county.

---

**2.** The cases pending before the supreme court are *Aer–Aerotron, Inc. v. Texas Dep't of Transp.,* 997 S.W.2d 687 (Tex.App.—Austin 1999, pet. granted); *Little–Tex Insulation Co. v. General Servs. Comm'n,* 997 S.W.2d 358 (Tex.App.—Austin 1999, pet. granted); and *Dalmac Constr. Co. v. Texas A & M Univ.,* No. 3–98–531–CV, 1999 WL 546990 (Tex.App.—Austin July 29, 1999, pet. granted) (not designated for publication).

█ The Legislature can waive sovereign immunity in specific circumstances enabling individuals to bring suit. For example, the Whistleblower Act permits suit against state or local entities that take adverse action against employees who report violations of the law. *See* Tex.Gov't Code §§ 554.002, .003 (West Supp.2000). At issue here is whether by enacting the presentment statute, the Legislature granted claimants the right to sue counties after they first present their claims to the commissioners court and those claims are refused.

█ Section 89.004 requires presentment of a claim to the commissioners court even when immunity has been waived by another statute. *See* Tex.Loc.Gov't Code Ann. § 89.004. In this circumstance, failure to comply with the presentment statute is not jurisdictional and may not be raised in a plea to the jurisdiction. *See Frasier v. Yanes,* 9 S.W.3d 422, 428 (Tex.App.—Austin 1999, no pet.); *County of Bexar v. Garcia,* 974 S.W.2d 107 (Tex.App.—San Antonio 1998, no pet.).

We are presented with a different question—whether compliance with the presentment statute, absent any other waiver of immunity, confers a right to sue a county. Only one Texas court has addressed this issue. In *Jensen Construction Co. v. Dallas County,* 920 S.W.2d 761, 770 (Tex. App.—Dallas 1996, writ denied), the Dallas Court of Appeals held that compliance with the presentment statute authorizes suit after the commissioners court rejects the plaintiff's claims. In that case, Jensen contracted with Dallas County to construct paving and drainage improvements to a street. During construction, the county performed strength tests on the concrete and ordered Jensen to stop work. The county then retested the concrete and al-

lowed Jensen to proceed. The county paid the price set forth in the original contract but refused to pay for additional upgrades. Jensen filed a claim with the commissioners court for damages resulting from the county's alleged breach in requiring extra materials and work outside the scope of the original contract, as well as additional costs for the county's interference with performance. The trial court granted summary judgment in favor of Dallas County holding that Jensen's claims were barred by sovereign immunity. The court of appeals reversed, holding that "[s]ection [89.004] authorizes appellants, after rejection of its claims by the commissioners court, to sue the County to recover its claims." *Id.*

Travis County relies on *Garcia,* by the San Antonio Court of Appeals, to argue that section 89.004 does not waive immunity.[3] *See Garcia,* 974 S.W.2d 107. In *Garcia,* Bexar County sought judicial review of a Texas Workers' Compensation Commission decision awarding compensation to Maria Lucy Garcia. Garcia counterclaimed, alleging that Bexar County had violated the Anti–Retaliation Act by terminating her employment because she had filed a workers' compensation claim. Bexar County filed both a plea to the jurisdiction and a motion to dismiss, alleging that Garcia had not presented her counterclaim to the commissioners court as required by section 89.004.

The question presented in *Garcia* was whether the trial court had jurisdiction to hear a counterclaim that was not first presented to the commissioners court. The appellate court affirmed the trial court's ruling that Garcia's failure to comply with section 89.004 did not deprive the court of jurisdiction. The court never addressed

---

**3.** Travis County also argues that a supreme court decision holding section 89.004 is not a jurisdictional statute means that section does not waive immunity. *See Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998). *Essenburg* addressed whether failure to present a claim to the commissioners court could be

raised for the first time on appeal. *Id.* at 188. The court held that the section's presentment requirement was not jurisdictional and could not be raised for the first time on appeal. *Id.* at 189. *Essenburg* did not involve waiving immunity and is not relevant to the issues raised in this appeal.

the issue we face: whether compliance with the presentment statute confers on the plaintiff a right to sue the county in the absence of some other waiver of immunity. The Anti–Retaliation Act specifically waives immunity for claims such as Garcia's. *See* Tex.Lab.Code Ann. § 504.002 (West Supp.2000). We agree with the concurring opinion that the majority's statement that section 89.004 is not a waiver of immunity was meaningless because the county's immunity had already been waived by the Anti–Retaliation Act. *See Garcia,* 974 S.W.2d at 111 (Hardberger, C.J., concurring). Because the decision in *Garcia* concerned the proper remedy for failure to present a claim to the commissioners court, the court's discussion of immunity was unnecessary dicta that does not support the county's position in this dispute.

The *Garcia* concurrence explains the logical problem with the majority's approach: if section 89.004 does not waive immunity, then "a county could not be sued even after presentment if the claimant could not prove waiver of immunity through another source." *Id.* at 111. Historically, this section "has not been so narrowly construed but has been held to authorize a claimant to sue the county after rejection of her claim by the commissioners court." *Id.*

The county's contention that the claimant's compliance with this section does not waive the county's immunity contravenes 154 years of Texas jurisprudence. The presentment statute dates back to 1846. *See* P.D. art. 1045. The language of the statute at its original enactment makes clear the presentment statute's purpose:

> All suits brought by or against any of the counties of this state, shall be brought in the name of or against the county of [naming the county], and by that name *they may sue and be sued,* plead and be impleaded, defend and be defended, in any court of record or other place where justice may be administered: Provided, however, that no coun-

ty shall be sued, unless the claim upon which suit is founded shall have first been presented to the county court for allowance, and such court shall have neglected or refused to audit and allow the same.

*Id.* (emphasis added). Initially, then, anyone could sue a county as long as the claim was first submitted to the county court for consideration. The statute remained unchanged for thirty-three years. In 1879, most of the language was dropped, and the remaining text rewritten to resemble the current statute: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof." Revised Statutes, 16th Leg., R.S., ch. 3, art. 677, 1879 Tex.Rev. Civ.Stat. 112, 112 (repealed 1895 and renumbered at art. 790). That language remained unchanged until 1987 when the Legislature slightly modified the language to its present form. *See* Act of April 30, 1987, 70th Leg., R.S., ch. 149, sec. 81.041, 1987 Tex.Gen.Laws 707, 793 (renumbered at § 89.004).

Even when the "sue and be sued" language was dropped in 1879, the supreme court continued to read the statute as authorizing suit against a county when a claim was first presented to the county commissioners court and refused. *See Nolan County v. Simpson,* 74 Tex. 218, 11 S.W. 1098, 1099 (1889) (explaining that Simpson could have brought suit against Nolan County under circumstances authorized by presentment statute). The supreme court again discussed this statute at the turn of the last century: "A county *may be sued* for a money demand, but the claim must first be presented to the commissioners' court for allowance, and its allowance must be refused." *City of Sherman v. Shobe,* 94 Tex. 126, 58 S.W. 949, 950 (1900) (emphasis added) (holding that garnishing county was not suit against county within presentment statute).

Again in 1906, the supreme court said that after the commissioners court refused to act on a claim, the plaintiff "had the right to sue the county ... to establish his claim against it." *Anderson v. Ashe,* 99 Tex. 447, 90 S.W. 872, 874 (1906). More than twenty-five years after the "sue and be sued" language had dropped out of the statute, the supreme court continued to find that proper presentment, which was refused, gave a claimant the right to sue the county: "This construction preserves the rights of persons having claims against such counties and enforces the legislative intent." *Id; see also Greer v. Hunt County,* 249 S.W. 831, 835 (Tex.1923) ("disallowance of the claim by [the commissioners] court clearly gives the right to bring suit").

The concurring opinion today complains that the presentment statute does not clearly waive a county's immunity. Historically, the myriad Texas cases finding that compliance with the presentment statute authorizes suit against the county have not used the term "waiver." *Jensen* is the first decision to adopt the term waiver of immunity in that regard. However, Texas courts have continuously found that compliance with the statute confers jurisdiction on the trial court to hear a claim properly presented and rejected. *See Farmers State Bank v. Bowie County,* 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936); *Harris County v. Hermann Hosp.,* 943 S.W.2d 547, 550 (Tex.App.—Eastland 1997, no writ); *Messer v. County of Refugio,* 435 S.W.2d 220, 227 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.); *Turner v. Live Oak County,* 107 S.W.2d 1103, 1105 (Tex.Civ.App.—San Antonio 1937, writ dism'd); *Willacy County v. Kudor,* 43 S.W.2d 974, 974 (Tex.Civ.App.—San Antonio 1931, writ ref'd); *Stevens v. Jim Wells County,* 32 S.W.2d 889, 890 (Tex.Civ.App.—San Antonio 1930, no writ). As early as 1906, the supreme court held that our construction today of the presentment statute preserves the rights of claimants against a county and "enforces the legislative intent." *Anderson,* 90 S.W. at 874. In 1970, the supreme court again recognized that "suits against counties have been held to be authorized by statutes that simply require the filing of a claim before institution of suit ." *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970) (finding waiver in another statute).

In light of this statute's long history, we are confident that section 89.004 confers jurisdiction on the trial court to hear a claim against the county properly presented to and rejected by the commissioners court. We overrule Travis County's assertion that compliance with the presentment statute does not authorize a claimant to sue the county. We uphold the trial court's denial of the plea on this alternative ground as well.

## CONCLUSION

Travis County waived its immunity from suit by accepting the benefits of Pelzel's performance under the contract and refusing to pay part of its contractual obligation. Further, section 89.004 conferred on Pelzel a right to sue the county after it presented its claim to the commissioners court and that claim was rejected. We affirm the district court's denial of the plea to the jurisdiction on both grounds.

PATTERSON, Justice, concurring.

Although I concur in the majority's affirmance of the district court's order, I do not join in the majority's conclusion that jurisdiction is conferred by the presentment statute. For the Legislature to waive sovereign immunity, it must do so in clear and unambiguous language. *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980). For example, the Texas Tort Claims Act states that "sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter." Tex.Civ. Prac. & Rem.Code Ann. § 101.025(a) (West 1997). Other statutes allow for waiver by providing that a governmental entity may "sue or be sued." *Missouri Pac. R.R. Co. v. Brownsville Navigation*

*Dist.,* 453 S.W.2d 812, 813 (Tex.1970) (statute enabling governmental entity to "sue or be sued" waives immunity from suit); *Alamo Community College Dist. v. Obayashi Corp.,* 980 S.W.2d 745 (Tex.App.—San Antonio 1998, pet. denied) (statute enabling school district to "sue and be sued" waives immunity from suit). As long as the language of the statutory provision "leaves no reasonable doubt" that the Legislature intended that sovereign immunity be waived, perfect clarity is not required. *City of LaPorte v. Barfield,* 898 S.W.2d 288, 292 (Tex.1995). But clarity is not present here.

Here, section 89.004(a), which is entitled, "Presentation of Claim," provides that "a person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." Holding specifically that the statute is a notice requirement and is not jurisdictional, the supreme court concluded that "the presentment requirement of section [89.004] is intended to advise the commissioners' court of the claim and afford it an opportunity to investigate and adjust it without litigation." *Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998); *see also County of Bexar v. Garcia,* 974 S.W.2d 107, 109 (Tex.App.—San Antonio 1998, no pet.) (compliance with this section not a waiver of immunity). There may well be jurisdiction, but this is not the statute that confers it. The waiver of sovereign immunity—in the sense of granting consent to sue, as opposed to *conduct* constituting waiver—is a matter addressed to the Legislature. Until the Legislature speaks with clearer voice, I think it is not appropriate to attribute the intent of waiver to it where the purpose of the statute in question is clear and a resolution of the issue is not necessary to the disposition of this case.