# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00343-CV

### In re Hays County Sheriff's Department and
### Hays County District Attorney's Office

---

#### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

## C O N C U R R I N G   O P I N I O N

I agree that the County is entitled to mandamus relief compelling the district court to rule on its plea to the jurisdiction, but for somewhat different reasons than the majority cites.

The posture of the County's jurisdictional challenge serves to sharply limit any discretion possessed by the district court to defer its ruling on the County's plea to allow for additional discovery. Namely, the County's plea challenges only the sufficiency of Fiske's pleadings; i.e., whether the facts Fiske alleges, assuming they are true, invoke the district court's subject-matter jurisdiction (which in this case requires that the facts either establish a waiver of governmental immunity or do not implicate such immunity in the first place). *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 512-13 (Tex. App.—Austin 2010, no pet.). Whether the facts Fiske alleged suffice to meet this burden is a question of law. *Miranda*, 133 S.W.3d at 226; *Creedmoor*, 307 S.W.3d at 513. The existence of any additional facts not alleged in the pleadings, such as might conceivably be uncovered through the discovery

contemplated by the district court's order, is not, strictly speaking, necessary or material to the jurisdictional issue presented here. *See Creedmoor*, 307 S.W.3d at 516 & n.8. The procedural posture of the County's jurisdictional challenge thus stands in contrast with challenges addressed in *Miranda* and *Blue*, in which the Texas Supreme Court recognized that trial courts must exercise discretion with regard to the timing of *evidence-based* jurisdictional challenges to ensure adequate opportunity for the claimant to develop and present contrary evidence, especially in instances where the challenged jurisdictional facts also implicate the merits. *See Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). But with no such justification for delaying its disposition of the County's jurisdictional challenge here, I agree with the majority's ultimate conclusion that the district court abused its discretion and that it should be compelled to rule on the plea without further delay. *See Miranda*, 133 S.W.3d at 227 (noting that jurisdictional determination "must be made as soon as practicable").

The majority instead emphasizes its views concerning the ultimate viability of the waiver-by-conduct theory that is the focus of the discovery contemplated by the district court's order. That issue will be central to judicial disposition of the County's jurisdictional challenge and, if that challenge is sustained, whether Fiske would be entitled to the opportunity to amend his pleadings (and, by extension, whether he should have the opportunity to obtain discovery to that end). *See id.* at 226-27; *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). But those issues are not yet before us. However, I would observe that the controlling jurisprudence addressing the waiver-by-conduct exception is not quite as straightforward as the majority suggests.

2

It is true that this Court, at least in recent years, has consistently rejected attempts to invoke a waiver-by-conduct exception. We have done so because the Texas Supreme Court has never identified any specific set of facts that it has held to constitute waiver of immunity by conduct; in the absence of such authority, this Court has appropriately relied on the existing jurisprudence and held that whatever facts presented to it were not conduct that waived immunity.[1] But it remains that the supreme court, even while questioning the waiver-by-conduct concept, has nonetheless continued to hold open the possibility raised in *Federal Sign* that *some* set of facts not yet seen *could* constitute governmental conduct that the high court deems to waive immunity. *See, e.g.*, *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 706 (Tex. 2003) (holding "equitable basis for [waiver by conduct] does not exist under this set of facts"); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856-57 (Tex. 2002) (plurality op.) (Hecht J., concurring) ("I cannot absolutely

---

[1] *See, e.g.*, *Labrado v. University of Tex. at El Paso*, No. 03-10-00009-CV, 2012 WL 43385, at *3 (Tex. App.—Austin Jan. 5, 2012, no pet.) (mem. op.); *Employees Ret. Sys. of Tex. v. Putnam, LLC*, 294 S.W.3d 309, 327 (Tex. App.—Austin 2009, no pet.) (op. on reh'g); *Hirczy de Mino v. University of Houston*, No. 03-03-00311-CV, 2004 WL 2296131, at *3 (Tex. App.—Austin Oct. 14, 2004, pet. denied) (mem. op.); *Smith v. Lutz*, 149 S.W.3d 752, 758 (Tex. App.—Austin 2004, no pet.); *Texas Dep't of Pub. Safety v. International Capital Corp.*, 40 S.W.3d 687, 689-90 (Tex. App.—Austin 2001, no pet.); *see also Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.) (intermediate courts "are not free to mold Texas law as we see fit but must instead follow the precedent of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute"). These decisions may also reflect lessons learned in several earlier cases, decided shortly after *Federal Sign*, in which this Court found waivers by conduct but ended up getting reversed by the Texas Supreme Court. *See, e.g.*, *Travis County v. Pelzel & Associates, Inc.*, 30 S.W.3d 662, 666 (Tex. App.—Austin 2000), *rev'd*, 77 S.W.3d 246 (Tex. 2002); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 998 S.W.2d 898, 902 (Tex. App.—Austin 1999), *rev'd*, 74 S.W.3d 849 (Tex. 2002) (plurality op.); *Aer-Aerotron, Inc. v. Texas Dep't of Transp.*, 997 S.W.2d 687, 691-92 (Tex. App.—Austin 1999), *rev'd*, 39 S.W.3d 220 (Tex. 2001); *Little-Tex Insulation Co., Inc. v. General Servs. Comm'n*, 997 S.W.2d 358, 364-65 (Tex. App.—Austin 1999), *rev'd*, 39 S.W.3d 591 (Tex. 2001).

foreclose the possibility that the State may waive immunity in some circumstances other than by statute"). In short, while Fiske is admittedly treading a narrow, perilous, and uncertain path in seeking to rely upon a waiver of immunity by conduct, and this path must necessarily travel through the Texas Supreme Court if he is ultimately to prevail, his efforts cannot necessarily be dismissed categorically as an exercise in futility.

With these reservations, I concur in the court's judgment conditionally granting mandamus relief.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Filed: December 12, 2012

4