

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 10, 2000

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
P.O. Box 13528
Austin, Texas 78711-3528

Opinion No. JC-0305

Re: Whether the Comptroller must continue to pay monthly installment payments to a county that has stopped, midyear, collecting the fee authorized by section 51.702 of the Government Code, and related question (RQ-0251-JC)

Dear Comptroller Rylander:

Section 51.702 of the Government Code authorizes a county to collect designated filing fees and court costs to fund salary increases for statutory county court-at-law judges. *See* TEX. GOV'T CODE ANN. § 51.702(a), (b), (d) (Vernon Supp. 2000); *see also id.* §§ 25.0005, .0015. Section 25.0015 of the same code requires the Comptroller annually to pay $35,000 for each of certain statutory county court judges in the county to a county "that collects the . . . fees and costs" under section 51.702 "in equal monthly installments." *See id.* § 25.0015(a), (b). You ask whether the Comptroller must continue to remit the statutory county court-at-law judge "supplemental salary funds under Section 51.702 . . . to a county . . . that has discontinued collection of those funds in the middle of the program year."[1] We understand this inquiry to concern the continued payment of the equal monthly installment payments required by section 25.0015(b) of the Government Code. We conclude that the Comptroller may stop remitting these installment payments.

You then ask whether the Comptroller may transfer the "allocation" of a county that discontinues participation midyear "to the pool of funds that is available to the other counties that participate in this program." Request Letter, note 1, at 3. We understand that this question does not concern the Comptroller's authority to use money from the county that has discontinued participation to fund the monthly supplement participating counties receive from the state. Rather, this question concerns the Comptroller's duty under section 25.0016 of the Government Code to distribute to participating counties funds left over at the end of a program year, including any funds from the county that discontinued participation that were not distributed as monthly supplements. *See* TEX. GOV'T CODE ANN. § 25.0016(a) (Vernon Supp. 2000) (providing for end-of-program-year distribution of excess funds). We conclude that a county that terminated its participation midyear

---

[1]Letter from Honorable Carole Keeton Rylander, Comptroller of Public Accounts, to Honorable John Cornyn, Texas Attorney General at 3 (June 21, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

is entitled to a share of any excess funds.  The Comptroller may not divide the discontinuing county's share among the other counties that participated throughout the program year.

Section 51.702 and certain sections of chapter 25 of the Government Code establish a program through which a participating county may supplement statutory county court judges' salaries. *See* Tex. Att'y Gen. Op. Nos. JC-0196 (2000) at 1-2; JC-0159 (1999) at 1; JC-0158 (1999) at 1; JC-0157 (1999) at 1; *see also Ector County v. Hollmann*, 901 S.W.2d 687, 689 (Tex. App.–El Paso 1995, no writ) (stating that county's participation is voluntary).  To participate, a commissioners court must authorize the statutory county court clerk to collect special filing fees and court costs, and by June 1 preceding the July 1 start of the program year the commissioners court must inform the Comptroller that it has resolved to participate. *See* TEX. GOV'T CODE ANN. § 51.702(f) (Vernon Supp. 2000).  Then, on July 1, the statutory county court clerk in a participating county begins collecting a $40 filing fee in each civil case in the statutory county court and a court cost of $15 from each person who is convicted of a criminal offense in a statutory county court, unless the person is convicted under a law that regulates pedestrians or motor-vehicle parking. *See id.* § 51.702(a), (b).  The county continues to participate from program year to program year until it rescinds its resolution in accordance with the statute. *See id.* § 50.702(g), (h).

A participating county must pay qualified county court-at-law judges the salary required by section 25.0005(a) or (e) of the Government Code. *Id.* § 51.702(k); *see* Tex. Att'y Gen. Op. Nos. JC-0196 (2000) at 1; JC-0159 (1999) at 1, JC-0158 (1999) at 1; Tex. Att'y Gen. LO-94-048, at 3. To receive a state contribution toward the higher salaries, the clerk remits the fees and costs that are collected under section 51.702(a) and (b) to the Comptroller for deposit in the state treasury's judicial fund. *See* TEX. GOV'T CODE ANN. § 51.702(d) (Vernon Supp. 2000); Tex. Att'y Gen. Op. No. JC-0196 (2000) at 1.  In return, a participating county receives two kinds of payments from the state beginning on September 1: a regular monthly payment and a year-end percentage of any excess left in the fund.  First, section 25.0015 of the Government Code requires the state annually to send to a participating county $35,000—$30,000 from the judicial fund and $5,000 from the general revenue fund—for each statutory county court judge in the county who does not engage in the private practice of law and who meets other statutory qualifications. *See* TEX. GOV'T CODE ANN. § 25.0015 (Vernon Supp. 2000).  The amount is paid "to the county's salary fund in equal monthly installments." *Id.* § 25.0015(b).  Second, section 25.0016 of the Government Code requires the Comptroller, at the end of the state's fiscal year, to divide any money remaining in the judicial fund among participating counties:

> (a) At the end of each state fiscal year the comptroller shall determine the amounts deposited in the judicial fund under Section 51.702 and the amounts paid to the counties under Section 25.0015. If the total amount paid under Section 51.702 by all counties exceeds the total amount paid to counties under Section 25.0015, the state shall remit the excess to the counties proportionately based on the percentage of the total paid by each county.

> (b) The amounts remitted under Subsection (a) shall be paid to the county's general fund to be used only for court-related purposes for the support of the judiciary . . . .

*Id.* § 25.0016(a), (b).

Your inquiries stem from Dallas County's mid-program-year withdrawal from the supplemental salary program authorized by sections 25.0015 and 51.702 of the Government Code. *See* Request Letter, *supra* note 1, at 1-2. Dallas County joined the program in accordance with the statute in 1992 and participated until October 1999. *See id.* On October 5, 1999, "[t]he Dallas County Commissioners[] Court adopted an order . . . to discontinue the assessment and collection of fees under section 51.702 of the [Government] Code in that county, effective October 1, 1999." *Id.* at 2. You have been informed that Dallas County will not resume collecting court costs and fees under section 51.702, although this office recently opined that a participating county may not withdraw in the midst of a program year. *Id.*; *see* Tex. Att'y Gen. Op. No. JC–0196 (2000) at 3 (concluding that county could not withdraw from program midyear). You further understand that should you remit any payments under section 25.0015, Government Code, Dallas County will return the payments "'without endorsement.'" Request Letter, *supra* note 1, at 2.

We conclude, in answer to your first question, that the Comptroller need not continue to remit monthly installment payments to a county that has stopped collecting the filing fees and court costs in the midst of a program year. *See* Request Letter, *supra* note 1, at 3. Neither section 51.702 nor section 25.0015 expressly contemplates that a county will participate in the program for only part of a program year. Indeed, Attorney General Opinion JC-0196 concludes that section 51.702 of the Government Code does not permit a participating county to withdraw from the salary supplement program during a program year: "A commissioners court may not withdraw in the middle of the program year . . . . It may rescind its resolution authorizing participation in the program only with respect to a future program year." Tex. Att'y Gen. Op. No. JC-0196 (2000) at 3. Consequently, we resolve the issue without the benefit of express guidance from the legislature.

While the state's contribution is annual and paid in "equal monthly installments," *see* TEX. GOV'T CODE ANN. § 25.0015(b) (Vernon Supp. 2000), section 25.0015 appears to intend that a county will receive a contribution from the state only if it pays into the program. Section 25.0015 requires the state annually to compensate only a county "that collects the additional fees and costs" under section 51.702. *See id.* § 25.0015(a). Further, the state's monthly installment payment correlates to the county's collection of the additional fees and costs and remittance to the Comptroller. Although a participating county starts collecting the special fees and costs under section 51.702 in July, it receives no contribution from the state until September 1. *See id.* § 25.0015(a) (noting "first day of the state fiscal year" as beginning date for annual compensation of county court judges). Section 51.702(i) similarly specifies that a county that begins collecting

fees and costs in the midst of the program year may not receive a contribution from the state earlier than sixty days after the county begins collecting:

> A county that is not eligible to participate under Subsection (f) on July 1 of a year but is eligible to participate later in the year may submit a resolution meeting the requirements of Subsection (f) to the comptroller. The comptroller shall determine the date the county may begin to collect fees and costs under this section. A county that begins to collect fees and costs under this section after July 1 is not eligible for a payment by the comptroller under Section 25.0015 until the 60th day after the date the comptroller determines the county may begin to collect fees and costs under this section.

*Id.* § 51.702(i). From this we conclude that when a county stops collecting the additional filing fees and court costs midyear, the Comptroller has no further duty to remit monthly installments under section 25.0015. *See id.* § 25.0015.

Given our conclusion that the Comptroller need not remit monthly installments to a county that stops participating in the midst of a program year, you ask whether the funds that would otherwise have gone to that county as monthly supplements may be included in the judicial fund and divided among the remaining participating counties at the end of the state fiscal year under section 25.0016 of the Government Code. Although a court recently questioned whether this "manner of funding an increase in judicial salaries" may "inadvertently run afoul of the constitution," *see Rylander v. Caldwell*, 23 S.W.3d 132, 138 (Tex. App.–Austin 2000, no pet.), we will respond to your question.

You do not ask whether the contributions of a county that discontinues participation midyear may be used to fund other counties' monthly allotments under section 25.0015 of the Government Code. Rather, you ask only whether, should there be any money left in the fund at the end of the program year, the county that terminated its participation midyear is entitled to a share of the excess monies.

We conclude that, because the county that stops participating midyear contributed a percentage of the excess funds, it is entitled to receive a corresponding percentage of any excess. Under section 25.0016 of the Government Code, "the state shall remit the excess to the counties proportionately based on the percentage of the total paid by each county." TEX. GOV'T CODE ANN. § 25.0016(a) (Vernon Supp. 2000). Thus, each county that participated during the state fiscal year is entitled to a share of any money left over at the end of that fiscal year, and the entitlement is not contingent upon the county's participation at the time the Comptroller distributes the excess funds. Accordingly, the Comptroller must, under section 25.0016, remit the appropriate portion of the excess funds to a county that discontinues participation midyear. The money must be deposited into the county's general fund "to be used only for court-related purposes for the support of the judiciary." *Id.* § 25.0016(b).

Section 51.702(k) of the Government Code does not suggest that all of the money collected by a county that discontinues participation midyear must be distributed to participating counties in the form of monthly contributions under section 25.0015. Section 51.702(k) directs the disposition of money collected under that section by a county after it stops participating in the program:

> Money collected under this section after a county ceases to participate in the collection of additional fees and costs under this section shall be remitted to the comptroller. The money shall be deposited in the judicial fund and shall be distributed to counties currently participating under this section in the manner described in Section 25.0005.

*Id.* § 51.702(k). First, while section 25.0005 of the Government Code—to which section 51.702(k) refers—pertains to county court-at-law judges' salaries, it does not provide a system of distributing money from the judicial fund. *See id.* § 25.0005. Consequently, we question section 51.702(k)'s reference to section 25.0005. *Cf. id.* § 25.0015 (providing for state contribution to counties participating in program). Second, because of its reference to counties "currently participating" in the program, we understand section 51.702(k) to govern the use of money collected by a no-longer-participating county for the monthly contributions that the state pays under section 25.0015 of the Government Code, not to the distribution of excess funds under section 25.0016. *See id.* §§ 25.0015, 51.702(k).

Your letter indicates that Dallas County will refuse monthly payments only under section 25.0015, not a portion of any excess funds under section 25.0016. *See* Request Letter, *supra* note 1, at 2. We assume, therefore, that the county will not refuse the portion to which it is entitled under section 25.0016.

## S U M M A R Y

The Comptroller has no duty to remit monthly allotments of statutory county court-at-law supplemental salary funds to a county that discontinues, in the middle of a program year, collecting the filing fees and court costs authorized by section 51.702 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 25.0015, 51.702(a), (b) (Vernon Supp. 2000).

Under section 25.0016 of the Government Code, each county that participated in the program under section 51.702 during the state fiscal year is entitled to a share of any money left over at the end of that fiscal year. *See id.* § 25.0016(a). The Comptroller must remit the appropriate portion of the excess funds to a county that discontinues participation midyear. *See id.* § 25.0016(b).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee