TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00113-CV






Texas State Auditor's Office; Larry Alwin; Carol Smith; and Gail Hines, in

their Official Capacities, Appellants


v.


Rosa Mora-Nichols, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 264422, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 The Texas State Auditor's Office appeals the county court at law's denial of its plea
to the jurisdiction. Rosa Mora-Nichols filed this lawsuit, pursuant to the Uniform Declaratory
Judgments Act, seeking to establish her rights as they relate to her pay and classification. Mora-Nichols, a former document designer in the Auditor's Office, alleges that the Auditor's Office and
her former superiors, Larry Alwin, Carol Smith, and Gail Hines (collectively the "Auditor")
committed fraud and breach of fiduciary duty, and otherwise violated her constitutional rights in
terminating her employment. On appeal, the Auditor contends that the county court at law erred
when it failed to dismiss Mora-Nichols's claims against the Auditor's Office and Alwin, Smith, and
Hines in their official capacities. We agree that the county court at law erred and reverse its denial
of the plea to the jurisdiction.


BACKGROUND


 Mora-Nichols was employed by the Auditor's Office for ten years. Throughout this
entire period, she was classified as an Administrative Tech II. She did not receive a negative
evaluation until 1999, the year she was terminated. In April 1999, a study commissioned by the state
found that she was doing the work of an Administrative Tech IV. Later that month she received an
evaluation, her first in thirteen months. The evaluation was for someone classified as an
Administrative Tech IV, rather than Administrative Tech II, the position actually held by Mora-Nichols. At that time, Mora-Nichols requested a pay increase based on the findings of the study and
the evaluation. Her request was denied. The April evaluation became final in July 1999, but Mora-Nichols refused to sign it because she believed that it did not accurately reflect the job or work that
she was actually required to perform.

 After her refusal to sign the evaluation, Mora-Nichols was placed on probation, and
the Auditor's Office issued her a counseling letter. The letter outlined a thirty-day probationary
period during which Mora-Nichols would be required to remedy the deficiencies in her job
performance. It was mutually agreed that Mora-Nichols would be allowed to take a previously
planned vacation before beginning the probation period. Shortly thereafter, Mora-Nichols spoke
with State Senator Gonzalo Barrientos regarding possible racial discrimination at the Auditor's
Office. Allegedly, the Auditor became aware of her conversation with Senator Barrientos the very
same day. Upon returning from her vacation, Mora-Nichols discovered that she had been terminated
while she was away. Despite her request, no hearing or review was held.

 Mora-Nichols filed suit in federal court alleging race- and national-origin-based
discrimination in the workplace and that her employment was terminated for complaining of that
discrimination. See 42 U.S.C.A. §§ 1981, 1983 (West 2003). However, the federal district court
dismissed the suit because it was filed after the statute of limitations had run. She then filed this suit
in the county court at law of Travis County. The Auditor responded by filing a plea to the
jurisdiction, which the county court at law denied. The Auditor now brings this appeal.


DISCUSSION


Tort Claims

 In its first point of error, the Auditor claims that the county court at law erred when
it refused to dismiss Mora-Nichols's tort claims of fraud and breach of fiduciary duty against the
Auditor because sovereign immunity, unless waived, protects a state agency from lawsuits for
damages. See General Servs. Comm'n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 594 (Tex.
2001). It further contends that Mora-Nichols failed to demonstrate through reference to either a
statute or express legislative permission that sovereign immunity had been waived in this case. See
id.; Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (both holding that for suit to
proceed against governmental unit there must be express waiver of sovereign immunity). Therefore,
the Auditor argues, a plea to the jurisdiction was the proper vehicle to challenge the trial court's
subject matter jurisdiction because it is clear that a valid waiver of immunity cannot be
demonstrated. See Jones, 8 S.W.3d at 638-39.

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). "A plea to the
jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause
of action." Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n, 16 S.W.3d
61, 65 (Tex. App.--Austin 2000, no pet.). In order to prevail, the party asserting the plea to the
jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true,
there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it
impossible for the plaintiff's petition to confer jurisdiction on the trial court. See id. Because
subject matter jurisdiction presents a question of law, we review de novo a trial court's ruling on a
plea to the jurisdiction. See id.; Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the
case; rather, we construe the pleadings in favor of the plaintiff, look to the pleader's intent, and
accept the pleadings' factual allegations as true. See Texas State Employees Union, 16 S.W.3d at
65.

 Sovereign immunity from suit eviscerates a trial court's subject matter jurisdiction. 
Jones, 8 S.W.3d at 638-39. Thus, in order for the county court at law to have denied the Auditor's
plea to the jurisdiction with regard to the tort claims, it must have found that sovereign immunity had
been waived. However, even accepting all of Mora-Nichols's factual allegations as true, she has
nevertheless failed to articulate any basis to support a waiver of the sovereign immunity enjoyed by
the Auditor. Instead, Mora-Nichols asserts that consent is unnecessary when the cause of action is
based on an unauthorized or unlawful act. See Battleship Tex. Advisory Bd. of State of Tex. v. Texas
Dynamics, Inc., 737 S.W.2d 414, 417 (Tex. App.--Houston [14th Dist.] 1987, writ dism'd w.o.j.). 
She further contends that when a cause of action includes a request for declaratory or injunctive
relief, there is no requirement for a litigant to obtain the state's permission to sue. See Rylander v.
Caldwell, 23 S.W.3d 132, 136 (Tex. App.--Austin 2000, no pet.). We disagree with both
contentions.

 Mora-Nichols's interpretation of Texas Dynamics is misplaced. That case, as well
as the supreme court case Printing Industries Association, stand for the proposition that plaintiffs
asserting that their rights were violated by unlawful acts of public servants may sue the particular
state officials without consent; however, the state agency's sovereign immunity remains unaffected. 
See Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n, 600 S.W.2d 264, 265-66 (Tex.
1980); Texas Dynamics, 737 S.W.2d at 417-18. Indeed, this Court has held that when "a person sues
over the violation of his rights resulting from the unlawful acts of public servants, the plaintiff must
bring the action against some individual in authority at the governmental unit and not against the
governmental unit itself." Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 598 (Tex.
App.--Austin 1991, writ denied). Furthermore, in Texas, a suit against state officials in their official
capacities is equivalent to a suit against the state and as such is barred by sovereign immunity. See
Pickell v. Brooks, 846 S.W.2d 421, 424-25 (Tex. App.--Austin 1992, writ denied). Thus, in this
case, sovereign immunity bars Mora-Nichols's suit against the Auditor's Office, as a governmental
unit, and Alwin, Smith, and Hines in their official capacities, despite the alleged violations or
unlawful acts. Sovereign immunity, however, does not bar Mora-Nichols's suit against the officials
in their individual capacities.

 With respect to Mora-Nichols's second contention, the substance of her lawsuit
overrides its form. The Uniform Declaratory Judgments Act is a remedial statute designed to "settle
and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal
relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 1997). However, a "litigant's request
for declaratory relief cannot confer jurisdiction on the court, nor can it change the basic character of
a suit." State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994). In addition, "private parties cannot
circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . .
as a declaratory-judgment claim." Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d
849, 856 (Tex. 2002). In this instance, Mora-Nichols is neither challenging the constitutionality of
a statute nor seeking a judgment that a state agent acted pursuant to an unconstitutional law. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). Specifically, she is asking the court to
determine her rights under the General Appropriations Act as it relates to her pay and classification,
her rights as guaranteed by the Texas Constitution and the agency personnel manual, and the
property interest she had both in her name and reputation and in the thirty-day probationary period
that she accepted. In addition to a determination of her rights, Mora-Nichols is also seeking the
following relief: actual damages; damages for mental anguish; exemplary damages against the
individual defendants; equitable relief, including reinstatement; court costs; and attorney's fees. 
Clearly, Mora-Nichols is seeking more than declaratory relief in this lawsuit. The mere fact that
Mora-Nichols couched her tort causes of action in terms of a suit seeking declaratory relief does not
change the basic character of her lawsuit as one in which damages are being sought. Consequently,
Mora-Nichols cannot rely on the Uniform Declaratory Judgments Act to avoid demonstrating that
there has been a valid waiver of immunity.

 Nor can Mora-Nichols rely on the Texas Tort Claims Act, which provides for a
limited waiver of governmental immunity in specific circumstances. See id. § 101.025 (West 1997)
(providing waiver to sovereign immunity to extent of liability created by Act); see also id. § 101.021
(West 1997) (providing extent to which governmental unit may be held liable under Act). Section
101.021 states that a governmental unit is liable for property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an employee acting within
the scope of employment if the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and the employee would be personally
liable to the claimant according to Texas law. Id. § 101.021(1). It further provides that a
governmental unit is liable for personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. Id. § 101.021(2). Mora-Nichols's tort claims, as pled, do not fall
within the Tort Claims Act's limited waiver of liability. See id. §101.021. Therefore, no waiver of
sovereign immunity can be provided by the Tort Claims Act in this case.

 We hold that the county court at law erred when it denied the Auditor's plea to the
jurisdiction as it relates to the fraud and breach of fiduciary duty claims against the Auditor's Office
and Alwin, Smith, and Hines in their official capacities, because Mora-Nichols failed to plead any
grounds justifying a valid waiver of sovereign immunity. However, her tort claims against Alwin,
Smith, and Hines in their individual capacities are not affected.

Constitutional Claims

 Mora-Nichols's constitutional claims assert that the Auditor violated her rights to free
speech, equal protection, and due process in terminating her employment. In its second point of
error, the Auditor contends that the county court at law erred when it failed to dismiss these claims
against the Auditor because Mora-Nichols did not assert a cause of action recognized by Texas law
that would support her constitutional claims when she sought monetary damages as relief. See
Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995) (holding that suits for money damages to
remedy violation of Texas Constitution are prohibited). Although this theory may be true, its
consideration is secondary to a determination of whether sovereign immunity insulates the Auditor's
Office and Alwin, Smith, and Hines, in their official capacities, from suit. If no waiver of sovereign
immunity can be found in the pleadings, then a dismissal of the constitutional claims pursuant to a
plea to the jurisdiction is proper.

 Mora-Nichols asserts that there are exceptions to sovereign immunity when: (1)
property has been wrongfully taken; (2) an act has been committed in violation of the constitution;
(3) an unauthorized or illegal act has been committed; or (4) one party is merely suing for a
declaratory judgment regarding its rights. We have addressed why the third and fourth assertions
do not apply to this case and consequently, we now address only the first two.

 In Texas, no waiver of sovereign immunity is necessary when one is suing the state
for the taking of a vested property right without due course of law. Texas State Employees Union,
16 S.W.3d at 66. Mora-Nichols asserts that by issuing the counseling letter the Auditor created a
protected expectation of continued employment and that by terminating her prior to the beginning
of the thirty-day probationary period, the Auditor unlawfully deprived her of this property right
"without due course of law." (1) In addition, the Auditor neither alleged that the pleadings were
fraudulently made to confer jurisdiction upon the trial court nor specially excepted that the pleading
was deficient. See Curbo v. State, 998 S.W.2d 337, 341-42 (Tex. App.--Austin 1999, no pet.)
("[F]actual allegations, including those related to any jurisdictional prerequisites, must be taken as
true unless the defendant pleads and proves that they were fraudulently made to confer
jurisdiction."). Thus, we must determine from the face of the pleadings whether Mora-Nichols's
allegation rises to the level of an unconstitutional taking. 

 Texas is an "employment-at-will" state in which employment for an indefinite term
may be terminated at will and without cause by either party. Winters v. Houston Chronicle Publ'g
Co., 795 S.W.2d 723, 723-24 (Tex. 1990). Yet, an employee's at-will status may be altered by a
specific agreement to the contrary. Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502
(Tex. 1998); see also Texas State Employees Union, 16 S.W.3d at 66 (employment manual may alter
at-will status of employee if it contains language that specifically and expressly limits relationship
and curtails employer's right to terminate employee).

 Implicit in Mora-Nichols's assertion that the counseling letter created a protected
property right is the notion that the counseling letter altered the status of her at-will employment with
the Auditor's Office. However, a protected expectation of employment can only exist if the
employee has a "legitimate claim of entitlement" to the employment. Trostle v. Combs, 104 S.W.3d
206, 211 (Tex. App.--Austin 2003, no pet. h.) (quoting Board of Regents v. Roth, 408 U.S. 564,
576-77 (1972)). The employee must have more than a unilateral expectation of employment. Id. 
Here, the counseling letter merely restated the deficiencies noted in the July evaluation and the terms
of Mora-Nichols's probation. We conclude that Mora-Nichols had nothing more than an expectation
that she would be given the opportunity to remedy the deficiencies in her work. The pleadings do
not indicate that the counseling letter expressly curtailed the rights of the Auditor's Office as an at-will employer. Therefore, we reject Mora-Nichols's claim that she had a protected property right
that could not be taken without due course of law. The exception to sovereign immunity in a suit
against the state for the taking of a vested property right does not apply.

 Mora-Nichols's final contention is that sovereign immunity does not insulate the
government from suits alleging a violation of constitutional rights. In reaching this conclusion, she
has misconstrued our holding in Texas State Employees Union. In that case, we did not create a new
rule asserting that sovereign immunity does not bar suits against the government alleging
constitutional violations; we merely recognized an exception to the doctrine of sovereign immunity
for suits seeking compensation or equitable relief for the taking of a vested property right. See Texas
State Employees Union, 16 S.W.3d at 66-67. As discussed above, Mora-Nichols asserts no colorable
takings claim.

 The general rule is that a party must have consent or statutory authorization before
it can maintain a suit against a governmental unit or a public official acting in his or her official
capacity. Little-Tex, 39 S.W.3d at 594; Jones, 8 S.W.3d at 638. In addition, suits seeking money
damages as compensation for alleged violations of constitutional rights are prohibited even if the suit
falls within a judicially crafted exception to sovereign immunity. See Bouillion, 896 S.W.2d at 149. 
The Bouillion court, however, did not hold that the seeking of equitable relief provides by itself an
independent exception to sovereign immunity. See id. Our analysis in Texas State Employees Union
supports Bouillion. See Texas State Employees Union, 16 S.W.3d at 66-67. In Texas State
Employees Union, we did not consider the nature of the remedies sought until after we had
determined that neither a waiver nor consent was necessary because an exception exists for those
suing the state for the taking of a vested property right. 16 S.W.3d at 67 (allowing suit to proceed
because equitable relief sought was permissible). Therefore, the fact that Mora-Nichols was seeking
equitable remedies does not, by itself, allow her to maintain her suit alleging constitutional violations
without consent.

 Because we conclude that Mora-Nichols has neither alleged a clear waiver of
sovereign immunity nor asserted an exception to the doctrine of sovereign immunity that would
allow her suit to proceed without the consent of the state, we hold that the county court at law did
not have subject matter jurisdiction over this case and should have granted the Auditor's motion to
dismiss.


CONCLUSION


 We conclude that Mora-Nichols has failed to allege a clear waiver of sovereign
immunity with regard to both her tort and constitutional claims. Therefore, we hold that the county
court at law did not have subject matter jurisdiction over these claims and erred in not granting the
Auditor's plea to the jurisdiction. We thus reverse the order of the county court at law and render
judgment granting the Auditor's motion to dismiss the claims against the Auditor's Office and
Alwin, Smith, and Hines in their official capacities. Our holding does not, however, dismiss Mora-Nichols's claims against Alwin, Smith, and Hines in their individual capacities.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed: October 30, 2003

1. Article I, section 19 of the Texas Constitution provides: "No citizen of this State shall be
deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except
by the due course of the law of the land."