# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00113-CV

**Texas State Auditor's Office; Larry Alwin; Carol Smith; and Gail Hines, in their Official Capacities, Appellants**

**v.**

**Rosa Mora-Nichols, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 264422, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas State Auditor's Office appeals the county court at law's denial of its plea to the jurisdiction. Rosa Mora-Nichols filed this lawsuit, pursuant to the Uniform Declaratory Judgments Act, seeking to establish her rights as they relate to her pay and classification. Mora-Nichols, a former document designer in the Auditor's Office, alleges that the Auditor's Office and her former superiors, Larry Alwin, Carol Smith, and Gail Hines (collectively the "Auditor") committed fraud and breach of fiduciary duty, and otherwise violated her constitutional rights in terminating her employment. On appeal, the Auditor contends that the county court at law erred when it failed to dismiss Mora-Nichols's claims against the Auditor's Office and Alwin, Smith, and

Hines in their official capacities. We agree that the county court at law erred and reverse its denial of the plea to the jurisdiction.

## BACKGROUND

Mora-Nichols was employed by the Auditor's Office for ten years. Throughout this entire period, she was classified as an Administrative Tech II. She did not receive a negative evaluation until 1999, the year she was terminated. In April 1999, a study commissioned by the state found that she was doing the work of an Administrative Tech IV. Later that month she received an evaluation, her first in thirteen months. The evaluation was for someone classified as an Administrative Tech IV, rather than Administrative Tech II, the position actually held by Mora-Nichols. At that time, Mora-Nichols requested a pay increase based on the findings of the study and the evaluation. Her request was denied. The April evaluation became final in July 1999, but Mora-Nichols refused to sign it because she believed that it did not accurately reflect the job or work that she was actually required to perform.

After her refusal to sign the evaluation, Mora-Nichols was placed on probation, and the Auditor's Office issued her a counseling letter. The letter outlined a thirty-day probationary period during which Mora-Nichols would be required to remedy the deficiencies in her job performance. It was mutually agreed that Mora-Nichols would be allowed to take a previously planned vacation before beginning the probation period. Shortly thereafter, Mora-Nichols spoke with State Senator Gonzalo Barrientos regarding possible racial discrimination at the Auditor's Office. Allegedly, the Auditor became aware of her conversation with Senator Barrientos the very

2

same day. Upon returning from her vacation, Mora-Nichols discovered that she had been terminated while she was away. Despite her request, no hearing or review was held.

Mora-Nichols filed suit in federal court alleging race- and national-origin-based discrimination in the workplace and that her employment was terminated for complaining of that discrimination. *See* 42 U.S.C.A. §§ 1981, 1983 (West 2003). However, the federal district court dismissed the suit because it was filed after the statute of limitations had run. She then filed this suit in the county court at law of Travis County. The Auditor responded by filing a plea to the jurisdiction, which the county court at law denied. The Auditor now brings this appeal.

## DISCUSSION

*Tort Claims*

In its first point of error, the Auditor claims that the county court at law erred when it refused to dismiss Mora-Nichols's tort claims of fraud and breach of fiduciary duty against the Auditor because sovereign immunity, unless waived, protects a state agency from lawsuits for damages. *See General Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). It further contends that Mora-Nichols failed to demonstrate through reference to either a statute or express legislative permission that sovereign immunity had been waived in this case. *See id.*; *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (both holding that for suit to proceed against governmental unit there must be express waiver of sovereign immunity). Therefore, the Auditor argues, a plea to the jurisdiction was the proper vehicle to challenge the trial court's subject matter jurisdiction because it is clear that a valid waiver of immunity cannot be demonstrated. *See Jones*, 8 S.W.3d at 638-39.

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action." *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex. App.—Austin 2000, no pet.). In order to prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *See id.* Because subject matter jurisdiction presents a question of law, we review *de novo* a trial court's ruling on a plea to the jurisdiction. *See id.*; *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the case; rather, we construe the pleadings in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *See Texas State Employees Union*, 16 S.W.3d at 65.

Sovereign immunity from suit eviscerates a trial court's subject matter jurisdiction. *Jones*, 8 S.W.3d at 638-39. Thus, in order for the county court at law to have denied the Auditor's plea to the jurisdiction with regard to the tort claims, it must have found that sovereign immunity had been waived. However, even accepting all of Mora-Nichols's factual allegations as true, she has nevertheless failed to articulate any basis to support a waiver of the sovereign immunity enjoyed by the Auditor. Instead, Mora-Nichols asserts that consent is unnecessary when the cause of action is based on an unauthorized or unlawful act. *See Battleship Tex. Advisory Bd. of State of Tex. v. Texas*

4

*Dynamics, Inc.*, 737 S.W.2d 414, 417 (Tex. App.—Houston [14th Dist.] 1987, writ dism'd w.o.j.). She further contends that when a cause of action includes a request for declaratory or injunctive relief, there is no requirement for a litigant to obtain the state's permission to sue. *See Rylander v. Caldwell*, 23 S.W.3d 132, 136 (Tex. App.—Austin 2000, no pet.). We disagree with both contentions.

Mora-Nichols's interpretation of *Texas Dynamics* is misplaced. That case, as well as the supreme court case *Printing Industries Association*, stand for the proposition that plaintiffs asserting that their rights were violated by unlawful acts of public servants may sue the particular state officials without consent; however, the state agency's sovereign immunity remains unaffected. *See Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-66 (Tex. 1980); *Texas Dynamics*, 737 S.W.2d at 417-18. Indeed, this Court has held that when "a person sues over the violation of his rights resulting from the unlawful acts of public servants, the plaintiff must bring the action against some individual in authority at the governmental unit and not against the governmental unit itself." *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 598 (Tex. App.—Austin 1991, writ denied). Furthermore, in Texas, a suit against state officials in their official capacities is equivalent to a suit against the state and as such is barred by sovereign immunity. *See Pickell v. Brooks*, 846 S.W.2d 421, 424-25 (Tex. App.—Austin 1992, writ denied). Thus, in this case, sovereign immunity bars Mora-Nichols's suit against the Auditor's Office, as a governmental unit, and Alwin, Smith, and Hines in their official capacities, despite the alleged violations or unlawful acts. Sovereign immunity, however, does not bar Mora-Nichols's suit against the officials in their individual capacities.

With respect to Mora-Nichols's second contention, the substance of her lawsuit overrides its form. The Uniform Declaratory Judgments Act is a remedial statute designed to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 1997). However, a "litigant's request for declaratory relief cannot confer jurisdiction on the court, nor can it change the basic character of a suit." *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). In addition, "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim." *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002). In this instance, Mora-Nichols is neither challenging the constitutionality of a statute nor seeking a judgment that a state agent acted pursuant to an unconstitutional law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). Specifically, she is asking the court to determine her rights under the General Appropriations Act as it relates to her pay and classification, her rights as guaranteed by the Texas Constitution and the agency personnel manual, and the property interest she had both in her name and reputation and in the thirty-day probationary period that she accepted. In addition to a determination of her rights, Mora-Nichols is also seeking the following relief: actual damages; damages for mental anguish; exemplary damages against the individual defendants; equitable relief, including reinstatement; court costs; and attorney's fees. Clearly, Mora-Nichols is seeking more than declaratory relief in this lawsuit. The mere fact that Mora-Nichols couched her tort causes of action in terms of a suit seeking declaratory relief does not change the basic character of her lawsuit as one in which damages are being sought. Consequently,

Mora-Nichols cannot rely on the Uniform Declaratory Judgments Act to avoid demonstrating that there has been a valid waiver of immunity.

Nor can Mora-Nichols rely on the Texas Tort Claims Act, which provides for a limited waiver of governmental immunity in specific circumstances. *See id.* § 101.025 (West 1997) (providing waiver to sovereign immunity to extent of liability created by Act); *see also id*. § 101.021 (West 1997) (providing extent to which governmental unit may be held liable under Act). Section 101.021 states that a governmental unit is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and the employee would be personally liable to the claimant according to Texas law. *Id*. § 101.021(1). It further provides that a governmental unit is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id*. § 101.021(2). Mora-Nichols's tort claims, as pled, do not fall within the Tort Claims Act's limited waiver of liability. *See id*. §101.021. Therefore, no waiver of sovereign immunity can be provided by the Tort Claims Act in this case.

We hold that the county court at law erred when it denied the Auditor's plea to the jurisdiction as it relates to the fraud and breach of fiduciary duty claims against the Auditor's Office and Alwin, Smith, and Hines in their official capacities, because Mora-Nichols failed to plead any grounds justifying a valid waiver of sovereign immunity. However, her tort claims against Alwin, Smith, and Hines in their individual capacities are not affected.

7

*Constitutional Claims*

Mora-Nichols's constitutional claims assert that the Auditor violated her rights to free speech, equal protection, and due process in terminating her employment. In its second point of error, the Auditor contends that the county court at law erred when it failed to dismiss these claims against the Auditor because Mora-Nichols did not assert a cause of action recognized by Texas law that would support her constitutional claims when she sought monetary damages as relief. *See Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) (holding that suits for money damages to remedy violation of Texas Constitution are prohibited). Although this theory may be true, its consideration is secondary to a determination of whether sovereign immunity insulates the Auditor's Office and Alwin, Smith, and Hines, in their official capacities, from suit. If no waiver of sovereign immunity can be found in the pleadings, then a dismissal of the constitutional claims pursuant to a plea to the jurisdiction is proper.

Mora-Nichols asserts that there are exceptions to sovereign immunity when: (1) property has been wrongfully taken; (2) an act has been committed in violation of the constitution; (3) an unauthorized or illegal act has been committed; or (4) one party is merely suing for a declaratory judgment regarding its rights. We have addressed why the third and fourth assertions do not apply to this case and consequently, we now address only the first two.

In Texas, no waiver of sovereign immunity is necessary when one is suing the state for the taking of a vested property right without due course of law. *Texas State Employees Union*, 16 S.W.3d at 66. Mora-Nichols asserts that by issuing the counseling letter the Auditor created a protected expectation of continued employment and that by terminating her prior to the beginning

8

of the thirty-day probationary period, the Auditor unlawfully deprived her of this property right "without due course of law."[1]   In addition, the Auditor neither alleged that the pleadings were fraudulently made to confer jurisdiction upon the trial court nor specially excepted that the pleading was deficient.  *See Curbo v. State*, 998 S.W.2d 337, 341-42 (Tex. App.—Austin 1999, no pet.) ("[F]actual allegations, including those related to any jurisdictional prerequisites, must be taken as true unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction.").  Thus, we must determine from the face of the pleadings whether Mora-Nichols's allegation rises to the level of an unconstitutional taking.

Texas is an "employment-at-will" state in which employment for an indefinite term may be terminated at will and without cause by either party.  *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723, 723-24 (Tex. 1990).  Yet, an employee's at-will status may be altered by a specific agreement to the contrary.  *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998); *see also Texas State Employees Union*, 16 S.W.3d at 66 (employment manual may alter at-will status of employee if it contains language that specifically and expressly limits relationship and curtails employer's right to terminate employee).

Implicit in Mora-Nichols's assertion that the counseling letter created a protected property right is the notion that the counseling letter altered the status of her at-will employment with the Auditor's Office.  However, a protected expectation of employment can only exist if the employee has a "legitimate claim of entitlement" to the employment. *Trostle v. Combs*, 104 S.W.3d

---

[1] Article I, section 19 of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."

9

206, 211 (Tex. App.—Austin 2003, no pet. h.) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 576-77 (1972)).  The employee must have more than a unilateral expectation of employment.  *Id.*  Here, the counseling letter merely restated the deficiencies noted in the July evaluation and the terms of Mora-Nichols's probation.  We conclude that Mora-Nichols had nothing more than an expectation that she would be given the opportunity to remedy the deficiencies in her work.  The pleadings do not indicate that the counseling letter expressly curtailed the rights of the Auditor's Office as an at-will employer.  Therefore, we reject Mora-Nichols's claim that she had a protected property right that could not be taken without due course of law.  The exception to sovereign immunity in a suit against the state for the taking of a vested property right does not apply.

Mora-Nichols's final contention is that sovereign immunity does not insulate the government from suits alleging a violation of constitutional rights.  In reaching this conclusion, she has misconstrued our holding in *Texas State Employees Union*.  In that case, we did not create a new rule asserting that sovereign immunity does not bar suits against the government alleging constitutional violations; we merely recognized an exception to the doctrine of sovereign immunity for suits seeking compensation or equitable relief for the taking of a vested property right.  *See Texas State Employees Union*, 16 S.W.3d at 66-67.  As discussed above, Mora-Nichols asserts no colorable takings claim.

The general rule is that a party must have consent or statutory authorization before it can maintain a suit against a governmental unit or a public official acting in his or her official capacity.  *Little-Tex*, 39 S.W.3d at 594; *Jones*, 8 S.W.3d at 638.  In addition, suits seeking money damages as compensation for alleged violations of constitutional rights are prohibited even if the suit

10

falls within a judicially crafted exception to sovereign immunity. *See Bouillion*, 896 S.W.2d at 149. The *Bouillion* court, however, did not hold that the seeking of equitable relief provides by itself an independent exception to sovereign immunity. *See id.* Our analysis in *Texas State Employees Union* supports *Bouillion*. *See Texas State Employees Union*, 16 S.W.3d at 66-67. In *Texas State Employees Union*, we did not consider the nature of the remedies sought until after we had determined that neither a waiver nor consent was necessary because an exception exists for those suing the state for the taking of a vested property right. 16 S.W.3d at 67 (allowing suit to proceed because equitable relief sought was permissible). Therefore, the fact that Mora-Nichols was seeking equitable remedies does not, by itself, allow her to maintain her suit alleging constitutional violations without consent.

Because we conclude that Mora-Nichols has neither alleged a clear waiver of sovereign immunity nor asserted an exception to the doctrine of sovereign immunity that would allow her suit to proceed without the consent of the state, we hold that the county court at law did not have subject matter jurisdiction over this case and should have granted the Auditor's motion to dismiss.

**CONCLUSION**

We conclude that Mora-Nichols has failed to allege a clear waiver of sovereign immunity with regard to both her tort and constitutional claims. Therefore, we hold that the county court at law did not have subject matter jurisdiction over these claims and erred in not granting the Auditor's plea to the jurisdiction. We thus reverse the order of the county court at law and render judgment granting the Auditor's motion to dismiss the claims against the Auditor's Office and

11

Alwin, Smith, and Hines in their official capacities.  Our holding does not, however, dismiss Mora-Nichols's claims against Alwin, Smith, and Hines in their individual capacities.

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed:   October 30, 2003