TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00699-CV






Texas Department of Criminal Justice, Appellant


v.


Arthur Cooke, Ernest Cortez, Larry Johnson, and DeQuinna Moore, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 99-00445, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING




O P I N I O N




 This interlocutory appeal concerns a claim by Larry Johnson that the Texas
Department of Criminal Justice discriminated against him because of his race when it denied him
a promotion. The Department filed a plea to the jurisdiction, claiming that Johnson had not
established a prima facie case because he had presented no evidence to support his allegation that
he was qualified for the position he sought. The district court denied the Department's plea. The
Department appeals the court's denial of its plea to the jurisdiction. For the reasons that follow, we
affirm the district court's order.


BACKGROUND


 Johnson worked for the Department as a field services specialist beginning in January
1995. In September 1997, he sought a promotion by applying for a position titled "Residential/State
Jail Administrator." The Department's job posting for the position noted that a "Residential
Probation Officer certification [is] preferred." Johnson met the posting's minimum qualifications,
which included a bachelor's degree and five years' experience in criminal justice program
administration. On his application, Johnson answered "N/A" to a question inquiring whether the
applicant possessed a license, certification, or other authorization related to or required by the
position for which he was applying.

 After the job posting closed, the Department reviewed the applications it had received
and conducted a screening to determine which of the "large number of applicants" would be
interviewed. In conducting this screening, the Department decided to make the residential probation-officer certification mandatory, as opposed to a preferred requirement. Thus, the Department
selected for interview only those applicants who had listed that they possessed such certification. 
Johnson was not selected for an interview and did not get the job.

 Johnson, an African-American, filed a lawsuit against the Department, (1) alleging racial
discrimination in the Department's employment practices. See Tex. Lab. Code Ann. § 21.051 (West
1996). He asserted that the Department's actions in connection with several job promotions he was
denied resulted in disparate treatment of him and that the Department's selection processes for
supervisory positions had a disparate impact upon racial minorities. (2) In response to the lawsuit, the
Department embarked upon lengthy and intricate procedural maneuvers, attempting to dispose of
the plaintiffs' suits with motions to dismiss for lack of subject-matter jurisdiction, motions for
summary judgment, special exceptions, pleas to the jurisdiction, and interlocutory appeals. On the
particular matter at issue in this interlocutory appeal--the Department's failure to hire Johnson for
the position of residential/state jail administrator--the Department initially filed a motion for
summary judgment, which the trial court denied. About three months later, the Department filed a
plea to the jurisdiction concerning the same discrete matter, asserting sovereign immunity and that
Johnson had fraudulently pleaded facts to confer jurisdiction on the court; the trial court denied the
plea. The Department reasserts its arguments in this interlocutory appeal of the trial court's denial
of its plea to the jurisdiction. 


DISCUSSION


Standard of review

 A plea to the jurisdiction challenges the trial court's authority to determine the subject
matter of a specific cause of action. Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.--Austin
2000, no pet.). In order to prevail, the party asserting the plea to the jurisdiction must show that even
if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional
defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to
confer jurisdiction on the trial court. See id. Because subject-matter jurisdiction presents a question
of law, we review the district court's decision de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998); Caldwell, 23 S.W.3d at 135. 

 In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the
merits of the case; rather, we "construe the pleadings in favor of the plaintiff," looking to the
pleader's intent and accepting the factual allegations as true. Caldwell, 23 S.W.3d at 135. "The
truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the
allegations were fraudulently made to confer jurisdiction on the court." Id. Further, "a court
deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider
evidence and must do so when necessary to resolve the jurisdictional issues raised." Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).


Sovereign immunity

 In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for
lawsuits in which the state or certain governmental units have been sued unless the state consents
to suit. Texas Parks & Wildlife Dep't v. Miranda, 47 Tex. Sup. Ct. J. 386, 389, 2004 Tex. LEXIS
304 (Apr. 2, 2004); Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). The Texas
Commission on Human Rights Act (the Act) provides a limited waiver of sovereign immunity when
a governmental unit has committed employment discrimination on the basis of race, color, disability,
religion, sex, national origin, or age. See Tex. Lab. Code Ann. § 21.002 (West Supp. 2004) (defining
"employer" to include political subdivision of state or county, municipality, state agency), § 21.051
(outlining circumstances under which "employer" commits unlawful employment practice). For a
suit to proceed against a governmental unit under a statute permitting such suit, the court must first
look to the terms of the Act to determine the scope of its waiver and then "consider the particular
facts of the case . . . to determine whether it comes within that scope." Texas Dep't of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).

 The Act here allows suit against a governmental unit only when it discriminates
because of race. See Tex. Lab. Code Ann. § 21.051. The Department urges that immunity has not
been waived because Johnson has failed to establish by his pleadings and the evidence that he was
denied the job because of his race. The Department asserts that the evidence indicates the
Department did not interview Johnson because he did not possess a residential probation officer
certification; nothing in the evidence indicates that he was not interviewed because he is black. 
Because this decision was not based on race, the Department argues, Johnson has not pleaded facts
that affirmatively demonstrate the court's jurisdiction to hear the cause. See Miranda, 47 Tex. Sup.
Ct. J. at 390, 2004 Tex. LEXIS 304; Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and
thus is properly asserted in a plea to the jurisdiction. Miranda, 47 Tex. Sup. Ct. J. at 390; Jones, 8
S.W.3d at 637. 


Plea to the jurisdiction

 If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider
relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. 
Miranda, 47 Tex. Sup. Ct. J. at 391; Bland, 34 S.W.3d at 555. Whether undisputed facts establish
a trial court's jurisdiction is a question of law. Miranda, 47 Tex. Sup. Ct. J. at 390. However, in
some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may
require resolution by the finder of fact. Id.; Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 n.3
(1st Cir. 2001) (in certain situations, predicate facts can be so inextricably linked to merits of
controversy that district court may "defer resolution of the jurisdictional issue until the time of
trial"); Cameron v. Children's Hosp. Med. Ctr., 131 F.3d 1167, 1170 (6th Cir. 1997) ("[W]hether
a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even
if the determination requires making factual findings, unless the jurisdictional issue is inextricably
bound to the merits of the case."); Williamson v. Tucker, 645 F.2d 404, 413 n.6, 416 n.10 (5th Cir.
1981) (court's role in determining jurisdictional facts may be more limited in cases in which
jurisdictional attack implicates merits of plaintiff's cause of action).

 In a case in which the jurisdictional challenge implicates the merits of the plaintiff's
cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant
evidence to determine if a fact issue exists. Miranda, 47 Tex. Sup. Ct. J. at 391. "If the evidence
creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to
the jurisdiction, and the fact issue will be resolved by the fact finder." Id.; see also Texas Parks &
Wildlife Dep't v. Dearing, No. 03-03-00131-CV, slip. op. at 9-10, 2004 Tex. App. LEXIS 80, at *14-15 (Tex. App.--Austin Jan. 8, 2004, pet. filed) (fact issue as to when limitations period began
running precluded grant of plea to jurisdiction). Only if the relevant evidence is undisputed or fails
to raise a fact question on the jurisdictional issue may the trial court rule on the plea to the
jurisdiction as a matter of law. Miranda, 47 Tex. Sup. Ct. J. at 391. Thus, we turn to the evidence
to determine whether it creates a fact question regarding the jurisdictional issues.


Johnson's claims

 Johnson sued the Department under the Act. See Tex. Lab. Code Ann. § 21.051. In
the Act, the legislature intended to correlate state law with federal law in employment-
discrimination cases. Id. § 21.001; see NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex.
1999). Among the Act's purposes is the promotion of federal civil-rights policy. See Austin State
Hosp. v. Kitchen, 903 S.W.2d 83, 87-88 (Tex. App.--Austin 1995, no writ). Adhering to legislative
intent, Texas courts have looked to federal law in interpreting the Act's provisions. See NME
Hosps., Inc., 994 S.W.2d at 144; Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492
(Tex. 1996); Kitchen, 903 S.W.2d at 87-88.

 Johnson alleges that the Department's failure to promote him resulted in disparate
treatment because of his race. To establish a prima facie case of discrimination in the denial of an
employment position, Johnson must show that: (1) he is a member of a protected class; (2) he
applied for and was qualified for the position; (3) despite his qualifications, he was rejected; and (4)
after he was rejected, the position remained open, and the employer continued to seek applicants
with Johnson's qualifications. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Scales v.
Slater, 181 F.3d 703, 708 (5th Cir. 1999); Romo v. Texas Dep't of Transp., 48 S.W.3d 265, 270-71
(Tex. App.--San Antonio 2001, no pet.). Johnson must assert a prima facie case of racial
discrimination for the court to have subject-matter jurisdiction over his disparate-treatment claim.

 Employment-discrimination cases employ a unique burden-shifting analysis: first,
the employee must prove his prima facie case, which entitles him to a presumption of discrimination;
then the burden shifts to the employer to present evidence of a legitimate, nondiscriminatory reason
for its action; once the employer has articulated such reason, the burden shifts back to the plaintiff
to prove that the reason is merely a pretext for discrimination. Wal-Mart Stores, Inc. v. Canchola,
121 S.W.3d 735, 739 (Tex. 2003); Texas Dep't of Human Servs. v. Hinds, 904 S.W.2d 629, 636
(Tex. 1995); Romo, 48 S.W.3d at 270; Jaso v. Travis County Juvenile Bd., 6 S.W.3d 324, 328 (Tex.
App.--Austin 1999, no pet.).

 Employment-discrimination cases can appropriately be decided as a matter of law in
summary-judgment proceedings if, after the plaintiff establishes a prima facie case, the evidence
conclusively establishes a nondiscriminatory reason for the employer's decision or if the plaintiff
creates only a weak fact issue as to whether the employer's reason was untrue or pretextual. See
Romo, 48 S.W.3d at 270 (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148-49
(2000)). The supreme court has recently held that a summary-judgment standard of proof applies
to pleas to the jurisdiction. See Miranda, 47 Tex. Sup. Ct. J. at 392. Thus, we first consider whether
Johnson has alleged a prima facie case.

 It is undisputed that Johnson, an African-American, is a member of a protected class;
that he applied for the residential/state jail administrator position; that he was rejected for the
position; and that after his rejection the position remained open and the Department continued to
seek applicants. The jurisdictional issues here are whether Johnson was qualified for the position
and whether the Department continued to seek similarly qualified applicants after rejecting him. If
the evidence creates a fact question regarding either of these issues, we must affirm the district
court's denial of the Department's plea to the jurisdiction. See Miranda, 47 Tex. Sup. Ct. J. at 391.

 We first consider the evidence of whether Johnson was qualified. It is undisputed that
he was qualified initially, according to the Department's job posting, which merely listed the
certification as "preferred," not a mandatory qualification. The Department contends that Johnson
became "unqualified" during the screening process when the certification became mandatory. The
Department urges that, although this screening decision may have been a bad business decision or
procedurally unfair because it gave no notice to applicants that the "preferred" certification would
become mandatory, it does not amount to employment discrimination because the decision was
designed to reduce the number of applicants who would be interviewed and was not motivated by
race.

 Johnson alleges that he met the certification requirement under a Department
regulation that exempted him from certification. See 37 Tex. Admin. Code § 163.33(c)-(h) (2004). 
The regulation provides that a community supervision officer must become certified by taking
courses and an examination within a year after becoming employed as a community supervision
officer. See id. § 163.33(c). However, an officer who "was employed by any CSCD [Community
Supervisions and Corrections Department] in this state on or at any time before September 1, 1987,
is exempt from the requirements of the certification program." Id. Johnson asserts that by virtue of
being employed by Brazoria County's CSCD since 1983, he met the grandfather exemption from the
certification requirement and should have been interviewed. See Bloom v. Texas State Bd. of
Exam'rs of Psychologists, 492 S.W.2d 460, 461 (Tex. 1973) ("purpose of grandfather provisions in
licensing acts is to exempt from statutory regulations those members who have acceptably followed
their profession or trade for a required period of years"). At the very least, he asserts, there is a fact
issue as to whether he was "qualified" under the stricter screening criterion. 

 We agree with Johnson that his employment with the Brazoria County CSCD
exempted him from the certification requirements. See 37 Tex. Admin. Code § 163.33(c)
(community supervision officer who was employed by CSCD before September 1, 1987 "is exempt
from the requirements of the certification program"). The Department retorts that in order to
maintain the grandfather exemption, Johnson was subject to the certification maintenance
requirement of eighty hours of additional training each biennium. See id. § 163.33(b), (h). We
disagree. Subsection (c) of the regulation clearly states that an exempt officer is exempt "from the
requirements of the certification program." Surely such requirements would entail not only the
initial certification but also additional requirements to keep the certification current. (3) Because
Johnson qualifies for the grandfather exemption, he could reasonably be considered "qualified" for
a position requiring certification.

 We next consider the second jurisdictional issue: whether the other applicants who
were interviewed had the same or similar qualifications as Johnson. The pleadings contain two
charts--one compiled by the Department and one by Johnson--that compare Johnson's
qualifications with those of the applicant who received the position, Kirk Long. Unsurprisingly,
Johnson's chart leaves the impression that Johnson was the better candidate, while the Department's
chart makes Long the clear choice. Such fact-specific inquiries cannot be resolved in a plea to the
jurisdiction. (4) 

 The Department cites Deines v. Texas Department of Protective & Regulatory
Services for the proposition that courts should respect an employer's business-judgment decisions
and not scrutinize the employer's judgment as to who is best qualified to fill a position. See 164 F.3d
277, 281-83 (5th Cir. 1999). Although we agree with this proposition generally, we conclude that
it does not decide the issue here: whether the evidence created a fact issue concerning Johnson's
prima facie case. This Court does not conduct fact-finding; yet, that is essentially what the
Department asks of us.

 Because the evidence creates a fact issue on the fourth prong of Johnson's prima facie
case for discrimination--whether the Department continued to interview similarly qualified
applicants after rejecting him, see Hicks, 509 U.S. at 506--the issue must be resolved by the
factfinder, and the trial court properly denied the Department's plea to the jurisdiction. See Miranda,
47 Tex. Sup. Ct. J. at 391.


Fraudulent pleadings to confer jurisdiction

 The Department also asserts that Johnson, in bad faith, fraudulently pleaded facts to
confer jurisdiction on the trial court and that under the true facts, the court lacked subject-matter
jurisdiction. See Curbo v. State, 998 S.W.2d 337, 342 (Tex. App.--Austin 1999, no pet.). However,
a plaintiff cannot be said to have fraudulently pleaded jurisdictional facts when those very facts are
in dispute. Although the Department believes that Johnson was clearly not qualified for the position
and that, therefore, he had no prima facie case and necessarily pleaded fraudulently that he was
qualified, for the reasons already discussed, we disagree. We overrule the Department's sole issue. (5)


CONCLUSION

 The Department is not entitled to a dismissal based on lack of subject-matter
jurisdiction or sovereign immunity. The evidence creates a fact issue concerning whether Johnson
has established a prima facie case of racial discrimination. We therefore overrule the Department's
sole issue and affirm the district court's order denying the Department's plea to the jurisdiction.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 20, 2004

1. Three other plaintiffs--Arthur Cooke, DeQuinna Moore, and Ernest Cortez--joined
Johnson in the lawsuit. The plaintiffs' allegations related to employment practices involving several
positions for which they were not hired. This appeal, however, concerns only the narrow issue of
Johnson's claim as to a particular position--that of residential/state jail administrator. Because this
is an interlocutory appeal, the plaintiffs may not proceed to a trial on the merits during the pendency
of this appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West Supp. 2004). The
Department filed a motion to sever Johnson's claim concerning the residential/state jail administrator
position from the plaintiffs' remaining claims so that the trial could proceed; the trial court has not
ruled on that motion, and the plaintiffs have not sought a severance.
2. Only the disparate-treatment claim is at issue on appeal.
3. The position of "community supervision officer" (CSO) does require eighty hours of
biennial training for an employee to continue to be eligible to serve in that capacity. See Tex.
Admin. Code Ann. § 163.33(b) (2004). Johnson did not apply for a CSO position; he sought the
position of "Residential/State Jail Administrator." The failure of Johnson to obtain the eighty hours,
while not serving in the capacity of CSO or seeking such position, does not mean that his exemption
cannot substitute for certification with respect to a non-CSO position requiring certification. See id.
4. The Department also cites Long's certification as evidence that he is more qualified than
Johnson. Because we conclude that Johnson held the functional equivalent of the certification by
virtue of his exemption, this argument is unpersuasive.
5. Johnson asks this Court to impose sanctions on the Department for its litigation tactics
throughout these proceedings and because this is a frivolous appeal. See Tex. R. App. P. 45. We
deny the request for sanctions.